THE STATE, EX REL. SOLOWITCH, *v.* CLEARY.

(No. 57477—Decided July 14, 1989.)

*Gerald Gold* and *Orville E. Stifel II,* for relator.

*John T. Corrigan,* prosecuting attorney, and *Colleen C. Cooney,* for respondent.

*Per Curiam.* Eric Solowitch seeks a writ from this court prohibiting respondent, the Honorable Patricia Cleary, from addressing the shock probation motion he has filed pursuant to R.C. 2947.061.

On December 16, 1988, relator pled guilty to four counts of grand theft before Judge Carl Character of the Cuyahoga County Common Pleas Court in *State* v. *Solowitch* (case Nos. CR-233,145 and 233,146). On December 23, 1988, Judge Character held a hearing and took testimony from eight witnesses who testified in mitigation and aggravation of sentence. Relator was subsequently sentenced to four consecutive two-year terms of incarceration.

On December 31, 1988, Judge Character left office, having lost his re-election bid, and his docket was assumed by newly elected Judge Patricia Cleary, respondent herein.

On January 25, 1989, Judge Character was reappointed by the Governor of the state of Ohio to the common pleas bench to fill a position vacated by Judge Francis E. Sweeney, who had been elected to the court of appeals.

On March 1, 1989, relator filed a timely motion to suspend further execution of sentence (shock probation) pursuant to R.C. 2947.061. Pursuant to R.C. 2947.061(C), relator requested that Judge Character set the motion for hearing. The motion, however, was set for hearing in Judge Cleary's court.

R.C. 2947.061(C) provides:

"The authority granted by this section shall be exercised by the judge who imposed such sentence, unless he is unable to act thereon and it appears that his inability may reasonably be expected to continue beyond the time limit for such action. In such case, a judge of such court or a judge assigned to such court may dispose of a motion filed under this section, in accordance with an assignment of the presiding judge, or as prescribed by the rules or practices concerning responsibility for disposition of criminal matters."

On March 30, 1989, Judge Frank J. Gorman, Acting Administrative Judge, held a hearing to determine jurisdiction. Judge Gorman determined that respondent Judge Cleary had been properly assigned to rule on the motion for shock probation.

On March 31, 1989, this court granted relator's application for an alternative writ of prohibition.

"The conditions which must exist to support the issuance of a writ of prohibition are: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of law. (*State, ex rel. Lehmann,* v. *Cmich,* 23 Ohio St. 2d 11, followed.)" *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65, 69 O.O. 2d 396, 320 N.E. 2d 286, paragraph one of the syllabus. *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 3, 14 OBR 1, 2, 469 N.E. 2d 847, 849. See, also, *State, ex rel. Johnson,* v. *Perry County Court* (1986), 25 Ohio St. 3d 53, 58, 25 OBR 77, 81, 495 N.E. 2d 16, 21; *State, ex rel. Tollis,* v. *Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St. 3d 145, 147, 532 N.E. 2d 727, 728; *Tilford* v. *Crush* (1988), 39 Ohio St. 3d 174, 176, 529 N.E. 2d 1245, 1246.

Clearly, relator has not met the second and third requirements for a

writ of prohibition. Respondent undoubtedly has jurisdiction to entertain motions for shock probation as R.C. 2947.061 is of the nature of a procedural statute and not a jurisdictional mandate. Also, relator does have an adequate remedy by way of appeal. See *State* v. *Carlson* (June 18, 1987), Cuyahoga App. No. 53234, unreported.

Further, we find that Judge Character is *unable to act* on the motion for shock probation since he has vacated his former post. Once a judge leaves his position on a court of common pleas and his docket is assigned to a new judge, the original judge becomes *unable to act* as defined by R.C. 2947.061(C). Even though he has resumed his former position by his reappointment to the court of common pleas, he has not retained his former docket. The respondent, Judge Cleary, now presides over Judge Character's former docket due to the individual docket assignment system. See C.P. Sup. R. 4.

Judge Character was assigned to the docket vacated by Judge Francis E. Sweeney upon his election to the court of appeals. Thus, he is unable to act on pending motions for shock probation on his former docket.

Since relator has not met the requirements for a writ of prohibition to issue, the writ is denied. Relator to pay costs.

*Writ denied.*

SWEENEY, P.J., PATTON and NAHRA, JJ., concur.