VERGON, Appellee,

v.

VERGON, Appellant.

[Cite as *Vergon v. Vergon* (1993), 87 Ohio App.3d 639.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62436.

Decided May 10, 1993.

*Madelon Sprague,* for appellee.
*Gary A. Kazdin,* for appellant.

SPELLACY, Presiding Judge.

Defendant-appellant Frederick P. Vergon, Jr. ("appellant") appeals from a judgment of divorce, asserting the following assignments of error:

"I.  The trial court erred in granting a divorce because no grounds for divorce were proven at trial.

"II.  The judgment of the trial court is against the manifest weight of the evidence and contrary to law.

"III.  The trial court erred because it did not have jurisdiction to grant the divorce and the judgment is void.

"IV.  The trial court erred in not filing findings of fact and conclusions of law when requested to do so by defendant.

"V.  The trial court erred in overruling defendant's motion for directed verdict.

"VI.  The trial court erred and abused its discretion in overruling defendant's motion for a new trial.

"VII.  The trial court erred and abused its discretion in signing a journal entry which does not conform to the original announcement of opinion.

"VIII.  The trial court erred as a matter of law and abused its discretion in failing to assign fair market value to each item of marital property.

"IX.  The trial court erred and abused its discretion in awarding $20,000.00 to plaintiff as her one-half interest in defendant's law partnership, and such finding is against the manifest weight of the evidence.

"X.  The trial court erred and abused its discretion in awarding excessive sustenance alimony.

"XI.  The trial court erred and abused its discretion, resulting in an inequitable division of property."

Appellant's third assignment of error has merit.  The judgment of the trial court is reversed and the cause is remanded for a new trial.

# I

Florence S. Vergon filed a complaint for divorce upon the grounds of gross neglect of duty on August 25, 1989.  Judge Patrick F. Gallagher ruled that the Vergons were not "intelligently ready to terminate their marriage" and directed them to seek counseling.  The trial court vacated this journal entry on August 2, 1990, and ordered trial to resume November 15, 1990.  Trial was completed on December 31, 1990.  Judge Gallagher retired December 31, 1990.  A memoran-

dum opinion dated January 3, 1991, was signed by Judge Gallagher and journalized January 8, 1991.

Judge James P. Celebrezze succeeded Judge Gallagher. As the successor, he signed a journal entry August 1, 1991, granting the divorce on the grounds of gross neglect of duty. The journal entry was the same as plaintiff's proposed findings of fact and conclusions of law.

Defendant's motion for a new trial was overruled. Thereafter, a timely notice of appeal was filed.

## II

Appellant's third assignment of error presents a threshold determination of whether the trial court had jurisdiction to issue the memorandum opinion subsequent to the trial judge's retirement and whether his successor judge had jurisdiction to render judgment and make findings of fact and conclusions of law.

The memorandum opinion is dated January 3, 1991, and was journalized on January 8, 1991. Judge Gallagher retired December 31, 1990.

The term of a common pleas judge is set for a fixed amount of time and, once that time expires, the judge is without authority to act in an official capacity. There is no such thing as holding over. For every purpose, the judge goes out at the expiration of the fixed term. "No power remains in his hands beyond the one term by reason of the authority given." *State ex rel. Belford v. Hueston* (1886), 44 Ohio St. 1, 9, 4 N.E. 471, 476. The memorandum opinion signed by the trial judge is void.

We also find that Judge Gallagher was not a *de facto* judge at the time he signed the memorandum opinion. "A de facto officer is one who enters upon and performs the duties of his office with the acquiescence of the people and the public authorities and has the reputation of being the officer he assumes to be and is dealt with as such." *State v. Staten* (1971), 25 Ohio St.2d 107, 54 O.O.2d 235, 267 N.E.2d 122. The instant case is distinguishable from that in *Huffman v. Shaffer* (1984), 13 Ohio App.3d 291, 13 OBR 356, 469 N.E.2d 566. In *Huffman*, a retired judge was appointed to the municipal bench and rendered a decision after his certification date. This court held the title to appointment as substitute showed some color of title and that he was a *de facto* judge. In this case the judge was not appointed by the Chief Justice as a substitute but duly elected for a fixed term of office and held no color of title past that term.

Appellant also argues that the successor judge had no jurisdiction to enter the decree of divorce as a substitute judge after trial and before judgment and findings of fact and conclusions of law. The court did not hear the evidence or

observe the witnesses. There is no indication that he familiarized himself with the record before judgment was entered. The judgment entry is actually the plaintiff's proposed findings of fact and conclusions of law. The words "plaintiff's" and "proposed" were whited out and "Journal Entry & " was handwritten on the page.

Civ.R. 63 regarding disability of a judge is inapplicable. Civ.R. 63(A) governs jury trials and Civ.R. 63(B) comes into effect after the verdict or findings are made. The instant case was a bench trial with the judge being substituted after testimony was heard but prior to judgment or findings.

The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error and the validity of the basis of the trial court's judgment. *Werden v. Crawford* (1982), 70 Ohio St.2d 122, 24 O.O.3d 196, 435 N.E.2d 424.

*Welsh v. Brown–Graves Lumber Co.* (1978), 58 Ohio App.2d 49, 12 O.O.3d 192, 389 N.E.2d 514, held that a successor judge could not render judgment if the judge's predecessor had not filed findings of fact and conclusions of law. The successor judge cannot render a judgment on the transcript when witness credibility is a factor. Credibility determinations require the trier of fact to observe the testimony. *Arthur Young & Co. v. Kelly* (1990), 68 Ohio App.3d 287, 295, 588 N.E.2d 233, 238.

Credibility was a vital factor in rendering judgment in the instant case. The trial judge first thought the parties were not intelligently ready to end their marriage. The record is full of conflicting testimony which would be difficult to evaluate absent observation of the witnesses. The grant of the divorce on the grounds of gross neglect of duty also required a determination as to the credibility of the parties. Also, we note that the judgment entry differs significantly from the memorandum opinion written by the judge who heard the evidence and was an adoption of the plaintiff's proposed findings of fact.

Appellant's third assignment of error is well taken.

### III

The cause is remanded for a new trial. The remaining assignments of error are moot and pursuant to App.R. 12(A)(1)(c) will not be decided by this court.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY and NUGENT, JJ., concur.