**FARALLI CUSTOM KITCHEN & BATH, INC., Appellee,**

**v.**

**BAILEY et al., Appellants.**

[Cite as *Faralli Custom Kitchen & Bath, Inc. v. Bailey* (1995), 107 Ohio App.3d 598.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68505.

Decided Dec. 1, 1995.

*Robert D. Wilson,* for appellee.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *James E. O'Brien,* Assistant Prosecuting Attorney, *Murray & Assoc.* and *David J. Murray; William J. O'Neill* and *Eric E. Kinder,* for appellants.

PATTON, Chief Judge.

Defendant/cross-complainant Martin Horvath, d.b.a. Artistic Tile & Marble, filed this action against defendants Ronald and Daryl Sue Bailey seeking to enforce a mechanic's lien and asking for judgment in the amount $12,391 for work he performed on the Baileys' new house.

The record indicates this matter was originally tried before a referee, but the referee ended her employment with the court before she could prepare findings of fact and conclusions of law. The parties agreed to submit the matter to the trial judge and stipulated to a hearing on the transcript of proceedings before the referee and the exhibits. In findings of fact and conclusions of law, the trial court found that the Baileys had paid Horvath in full for all work he performed on the new house.

■ Horvath appeals, challenging certain evidentiary rulings and the weight of the evidence. We are unable to reach the merits of the assigned errors because the journal entry was not journalized until after the trial judge left the common pleas court bench to assume new judicial duties in another court. Consequently, the judgment is void and, by definition, not final; therefore, we lack jurisdiction.

■ The signed judgment was journalized on January 13, 1995. The trial judge, however, had assumed new judicial duties in a separate court in a term beginning January 2, 1995. Once the judge had been sworn in to serve as a judge of another court, he lacked authority to journalize an entry in the court of common pleas.

We addressed a similar situation in *Vergon v. Vergon* (1993), 87 Ohio App.3d 639, 622 N.E.2d 1111. In *Vergon*, a domestic relations court memorandum opinion was journalized after the expiration of the judge's term. Citing authority for the proposition that a judge is without authority to act in an official capacity after the expiration of a term, we found the memorandum opinion signed by the domestic relations judge void. *Id.* at 642, 622 N.E.2d at 1112–1113; cf. *State ex rel. Solowitch v. Cleary* (1989), 59 Ohio App.3d 8, 569 N.E.2d 1076 (once a judge leaves his position on a court of common pleas and his docket is assigned to a new judge, he is "unable to act," within the meaning of R.C. 2947.061(C), on matters on his former docket).

■ For the same reasons, we find that the trial judge could not act in an official capacity as a judge of the court of common pleas after being sworn to serve in another court, absent special appointment by the Chief Justice of the Ohio Supreme Court. We have no doubt that the judge properly issued his ruling before resigning from the court of common pleas. We attribute the delay in journalization to the time lag between the issuance of rulings and the delay in journalizing them. Nevertheless, we must conclude that the opinion and ruling journalized in this case are void. As in *Vergon*, the parties will have to submit the evidentiary material to a newly assigned judge for a determination on the merits.

*Appeal dismissed.*

SPELLACY and NAHRA, JJ., concur.