JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jeffrey C. Keith, appeals the decision of the Cuyahoga County Common Pleas Court that granted the motion to dismiss filed by plaintiff-appellee, State of Ohio, on appellant's motion for a new trial. For the reasons that follow, we dismiss this appeal.
 {¶ 2} During the September 1994 term, a grand jury indicted appellant for multiple counts of arson and a single count of grand theft of a motor vehicle. The case was assigned number CR-316724 and to the docket of Judge Daniel Gaul. In July 1995, a jury found appellant guilty of five of the seven arson charges as well as the charge for grand theft. The trial court sentenced appellant to an aggregate 15 to 25-year term of imprisonment. This court affirmed appellant's convictions and sentence on appeal. See State v. Keith (Mar. 13, 1997), Cuyahoga App. No. 69267, 1997 Ohio App. Lexis 914, discretionary appeal not allowed (1997), 79 Ohio St.3d 1460 (hereinafter referred to as "Keith I").
 {¶ 3} Nonetheless, while Keith I was still pending in this court, the trial court journalized an entry on May 20, 1996 that contained a statement that the Ohio Supreme Court had appointed Judge Joseph Cirigliano to preside over this case as well as several other cases then pending against the appellant in the trial court. The trial court thereafter journalized an entry on November 1, 1996 stating that the instant case had already been heard and disposed of by Judge Daniel Gaul and, further, that the case "should not have been assigned to Judge Joseph E. Cirigliano." Indeed, the record contains no entry from the Ohio Supreme Court appointing Judge Cirigliano to this case.
 {¶ 4} In March 1998, appellant filed a document requesting a hearing under Crim.R. 33(B), which the state construed as a motion for a new trial and opposed in due course. In January 2002, appellant filed a motion for leave to file a motion for new trial, which the state opposed by filing a motion to dismiss. The trial court eventually granted the state's motion in an entry signed by Judge Cirigliano.
 {¶ 5} Appellant is now before this court and challenges the trial court's decision granting the state's motion to dismiss that, in effect, denied his request for a new trial. We, however, find it unnecessary to address the merits of appellant's appeal because the trial judge was without authority to rule on the motions pending in the trial court as they pertain to this case.
 {¶ 6} Under Sup.R. 36(B)(2), "each multi-judge general * * * division of the court of common pleas shall adopt the individual assignment system for the assignment of all cases to judges of the division." This assignment system provides that "upon the filing in or transfer to the court of a division of the court, a case immediately is assigned by lot to a judge of the division, who becomes primarily responsible for the determination of every issue and proceeding the case until its termination. Sup.R. 36(B)(1).
The record in this case unequivocally supports that Judge Gaul was assigned to preside over this case. While the Ohio Constitution[1]
and the Rules of Superintendence allow for the temporary assignment of visiting judges, no such assignment is evident from the record in this case. Judge Cirigliano was, therefore, without authority to enter the order granting the state's motion to dismiss.
 {¶ 7} The state counters rather reluctantly that Judge Gaul did enter an order on April 17, 2002 that similarly granted the state's motion as had Judge Cirigliano and this appeal, if anything, is premature under App.R. 4(C).[2] We see no such order contained in the record and, even if true, the trial court was without jurisdiction to enter such an order. See Howard v. Catholic Soc. Serv. of Cuyahoga Cty., Inc.
(1994), 70 Ohio St.3d 141, 146. Reiterating, Judge Cirigliano's order was journalized March 13, 2002 and appellant filed his notice of appeal on April 5, 2002. A trial court retains only that jurisdiction not inconsistent with that of an appellate court. Id.; see, also, Ksiezykv. Cleveland (Dec. 6, 2001), Cuyahoga App. No. 78881 at 8-9.
 {¶ 8} Since Judge Cirigliano had no authority to enter the order granting the state's motion to dismiss, the judgment is void. It necessarily follows that no appeal can be taken from a void judgment. SeeFaralli Custom Kitchen and Bath, Inc. v. Bailey (1995),107 Ohio App.3d 598, 600; see, also, Short v. Onweller, 6th Dist. No. F-02-005, 2002-Ohio-2290, ¶ 11, citing Reed v. Montgomery Cty. Bd.of Mental Retardation and Developmental Disabilities (Apr. 27, 1995), 10th Dist. No. 94APE10-1490, 1995 Ohio App. Lexis 1755.
Appeal dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellant recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., AND DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The Constitution provides, "the chief justice or acting chief justice, as necessity arises, shall assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court on any other court of common pleas or division thereof * * *." Section 5(A)(3), Article IV, Ohio Constitution.
[2] App.R. 4(C) provides that "[a] notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." In this case, there was no "announcement" of decision prior to the alleged April 17th entry nor can we construe the entry signed by Judge Cirigliano as an announcement of decision.