The STATE ex rel. GENERAL MOTORS CORPORATION, Appellee,

v.

INDUSTRIAL COMMISSION OF OHIO et al., Appellants.

[Cite as *State ex rel. General Motors Corp. v. Indus. Comm.*, 159 Ohio App.3d 644, 2005-Ohio-356.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 03AP–782 and 04AP–259.

Decided Feb. 3, 2005.

Vorys, Sater, Seymour & Pease, L.L.P., F. Daniel Balmert, and Bradley K. Sinnott, for appellee.

Jim Petro, Attorney General, and William J. McDonald, Assistant Attorney General, for appellant Industrial Commission of Ohio.

Stephen E. Mindzak, for appellant Chester Stephan.

LAZARUS, Judge.

{¶ 1} Respondents-appellants, Chester Stephan and the Ohio Industrial Commission, appeal from two judgments of the Franklin County Court of Common Pleas that were consolidated by this court. The first judgment is the July 1, 2003 decision and entry of the Franklin County Court of Common Pleas granting a writ of mandamus to relator-appellee, General Motors Corporation, ordering the Industrial Commission to vacate its order of January 6, 2000. Appellants also appeal from the February 6, 2004 judgment entry of the Franklin County Court of Common Pleas overruling Stephan's motion to strike or alternatively a motion for relief from judgment pursuant to Civ.R. 60(B)(5). For the reasons that follow, we reverse and remand the matter to the trial court.

{¶ 2} The underlying issue in this case involves compensation for a back injury Stephan sustained while in the course and scope of his employment. The Industrial Commission ordered General Motors (a self-insured employer) to pay Stephan the difference between (1) the amount of temporary total disability benefits to which he was entitled under his workers' compensation claim minus the gross amount Stephan was paid during his period of disability through an employer-funded accident and sickness program and (2) the amount of temporary total disability payments to which he was entitled under his workers' compensation claim minus the net (after-tax) amount Stephan was paid during his period of disability through the employer-funded sickness and accident program.

{¶ 3} General Motors sought a writ of mandamus in the court of common pleas asking the court to vacate the Industrial Commission's order. On June 30, 2003, the trial court judge signed a decision and entry granting the writ of mandamus. Crucial to our determination here is the date of filing or journalization of the judge's decision and entry. The entry was journalized on July 1, 2003, the first day of the trial judge's newly undertaken duties as a member of this court. In other words, the entry was journalized after the judge had left the bench of the Franklin County Court of Common Pleas.

{¶ 4} On July 30, 2003, Stephan filed a motion to strike or, in the alternative, motion for relief pursuant to Civ.R. 60(B)(5). On July 31, 2003, Stephan then filed his notice of appeal of the common pleas court's July 1, 2003 decision and entry. Afterwards, on July 31, 2003, Stephan filed a motion to remand to the common pleas court for purposes of addressing the previously filed motion to strike or, in the alternative, motion for relief pursuant to Civ.R. 60(B)(5). On

August 12, 2003, this court issued a journal entry granting Stephan's motion to grant the trial court leave to address a pending Civ.R. 60(B)(5) motion. This court then stayed the proceedings in the appeal filed on July 31, 2003, until the pending Civ.R. 60(B)(5) motion was resolved.

{¶ 5} On February 6, 2004, the successor judge issued a judgment entry overruling Stephan's motions. On March 8, 2004, Stephan appealed from the February 6, 2004 judgment entry, and this court subsequently consolidated the appeals for purposes of record filing, briefing, and oral argument.

{¶ 6} On appeal, Stephan has assigned the following eight assignments of error:

1. The underlying Decision and Entry is a nullity and without effect because Judge Sadler was not a common pleas court judge when it was journalized on July 1, 2003.

2. The court erred by finding that the Industrial Commission abused its discretion.

3. The court erred by failing to read R.C. 4123.56(A) *in pari materia* with other statutes that workers' compensation benefits are not taxable; namely, 26 U.S.C. § 104(a) and R.C. 5747.01

4. The court erred by failing to read R.C. 4123.56(A) in accordance with the directive of R.C. 4123.95 which states that the workers' compensation statutes shall be liberally construed in favor of employees.

5. The court erred wherein it made a finding of fact that was unproven and unsupported anywhere in the record.

6. The court erred by failing to find the entire amount of an injured worker's temporary total compensation award is non-taxable.

7. The court by failing to find that General Motors' method of setting off the tax payments it had made pursuant to its non-occupational Sickness and Accident Policy placed an intolerable burden on the injured worker to correct the employer's mistake.

8. The court erred by failing to grant Stephan's motions for relief due to the fact that the underlying Decision and Entry issued by Judge Sadler was a nullity and without effect because Judge Sadler was not a common pleas court judge when it was journalized on July 1, 2003.

{¶ 7} The Industrial Commission has assigned the following two assignments of error:

1. The court below erred by finding that the Industrial Commission abused its discretion and by failing to find that an employer may not treat workers' compensation as taxable income.

2.  The court below erred by failing to find that Relator did not establish a clear legal right to the extraordinary writ of mandamus.

{¶ 8} In denying Stephan's motion for relief pursuant to Civ.R. 60(B)(5), the trial court indicated that there are times when a court does not speak only through its journal and, accordingly, the prior judge's decision remains valid because only the formality of journalizing the entry remained to be done. We reluctantly disagree that journalization of the court's entry was a mere formality in this case. It is well established that as a general rule, a court speaks only through its journal. *State v. Jordan,* 104 Ohio St.3d 21, 2004–Ohio–6085, 817 N.E.2d 864, at ¶ 6, citing, *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus ("A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum"). "Were the rule otherwise it would provide a wide field for controversy as to what the court actually decided." *Indus. Comm. v. Musselli* (1921), 102 Ohio St. 10, 15, 130 N.E. 32. See, also, *State v. Dudley,* Franklin App. No. 03AP–744, 2004-Ohio-5661, 2004 WL 2384344, at ¶ 2 (failure to journalize sexual-predator determination renders trial court's determination interlocutory and therefore not a final appealable order).

{¶ 9} Here, Judge Sadler's term on the Franklin County Court of Common Pleas ended on June 30, 2003. "The term of a common pleas judge is set for a fixed amount of time and, once that time expires, the judge is without authority to act in an official capacity." *Vergon v. Vergon* (1993), 87 Ohio App.3d 639, 642, 622 N.E.2d 1111. In *Faralli Custom Kitchen & Bath, Inc. v. Bailey* (1995), 107 Ohio App.3d 598, 669 N.E.2d 270, the Eighth District Court of Appeals held that even though the judge properly issued a ruling before leaving the bench, the delay in journalization resulted in the opinion and ruling being void.

{¶ 10} We agree with the reasoning and the holdings of the court in *Vergon* and *Faralli.* For that reason, the July 1, 2003 decision and entry signed by the trial court judge are void. Id. Because the judgment is void, the parties will have to submit their evidentiary material to the successor judge for a determination on the merits. Despite what may appear to be a misuse or waste of judicial resources, we are without jurisdiction to pass upon the merits of the underlying decision and entry.

{¶ 11} Based on the foregoing, we sustain Stephan's first and eighth assignments of error, we overrule as moot assignments of error two through seven, we overrule as moot the Industrial Commission's two assignments of error, we dismiss the appeal in case No. 03AP–782, and we reverse the judgment of the

trial court in case No. 04AP–259 and remand for further proceedings in accordance with this opinion.

Appeal dismissed in case No. 03AP–782;
judgment reversed
and cause remanded in case No. 04AP–259.

PETREE, J., concurs.

PEGGY BRYANT, J., dissents.

PEGGY BRYANT, Judge, dissenting,

{¶ 12} Being unable to agree with the majority opinion, I respectfully dissent.

{¶ 13} Neither party disputes that during the trial judge's term of office, the trial judge determined the matter through a decision and then signed a judgment entry consistent with the decision. The majority opinion concludes the trial court's judgment is ineffective because the trial judge's term of office ended the day before the judgment entry was filed. I instead conclude the administrative or ministerial act of filing the judgment entry was appropriately handled by the clerk and the successor judge, rendering the judgment effective on the day it was filed.

{¶ 14} Without question, "[a] judgment is effective only when entered by the clerk upon the journal." Civ.R. 58(A). I do not contend to the contrary: the judgment was not effective until the clerk filed it. The issue, however, is whether the clerk could file a judgment entry, signed while the trial judge still was in office, on the day following expiration of the trial judge's term of office. Civ.R. 63(B) is instructive in addressing that issue.

{¶ 15} Civ.R. 63(B) governs "[t]he substitution of one judge for another after the verdict or findings have been rendered." *Oakwood Mgt. Co. v. Young* (Oct. 27, 1992), Franklin App. No. 92AP–207, 1992 WL 324338. Consistent with Civ.R. 63(B), "[r]educing the verdict or decision to judgment may properly be performed by the administrative judge or another judge designated by the administrative judge * * *." Id. Thus, in *Young*, the court concluded that "the administrative judge properly performed the duties of the judge before whom the action was tried by signing the final judgment entry and causing it to be filed for journalization." Id. See, also, *Ingalls v. Ingalls* (1993), 88 Ohio App.3d 570, 624 N.E.2d 368 ("Reducing the verdict or decision to judgment may properly be performed by a successor judge"); *Wesney v. Bellan* (Nov. 12, 1992), Franklin App. No. 92AP–203, 1992 WL 333051.

{¶ 16} Here, the trial judge not only rendered the decision but signed the judgment entry as well. If Civ.R. 63(B) allows the successor judge to sign a

judgment entry and have it filed, then in this case, which requires no action from the successor judge, the trial judge's entry, signed while the judge was still in office, properly may be filed the day following expiration of the trial judge's term of office. Because the majority does not reach that conclusion, I dissent.