THE STATE OF OHIO EX REL. GENERAL MOTORS CORPORATION, APPELLEE,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Gen. Motors Corp. v. Indus.
Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593.]

(No. 2007–0210—Submitted January 22, 2008—Decided April 9, 2008.)

O'CONNOR, J.

{¶ 1} The primary question before us today is whether an action in mandamus by appellee General Motors Corporation ("GMC") was the proper vehicle by which to seek relief from the order of appellant Industrial Commission that under R.C. 4123.56, GMC could not claim an offset for taxes withheld on appellant Chester Stephan's behalf. For the reasons that follow, we hold that mandamus was the proper course of action for this case.

### Relevant Background

{¶ 2} On October 5, 1998, Stephan, a GMC employee, suffered a herniated disc in the performance of his duties. Following the injury, Stephan filed a workers' compensation claim. While Stephan's claim was pending, GMC paid him $7,091.30 through its wage-replacement insurance program. In making those payments, GMC withheld a portion of each payment and sent the withholdings to federal and state taxing authorities.

{¶ 3} In February 1999, after concluding its investigation of the incident, GMC informed the commission that it would recognize Stephan's injury as work-related. Stephan was thus entitled to $9,119.71 in temporary total disability ("TTD") payments for the time he missed. GMC paid Stephan the difference between the TTD benefits and the amount it had already paid him through the wage-replacement program.

{¶ 4} Stephan, however, believed that he was owed additional compensation because GMC's payment did not include the taxes GMC previously withheld. A district hearing officer agreed with Stephan that he was entitled to a net amount of $9,119.71. GMC appealed, and a staff hearing officer determined that GMC had paid the correct amount and vacated the order. In turn, Stephan appealed to

the commission, which vacated the order of the staff hearing officer and ordered that GMC could not claim an offset for the withheld taxes.

{¶ 5} GMC then filed a complaint in mandamus in the Franklin County Court of Common Pleas, seeking an order directing the commission to credit GMC for the tax withholdings in calculating the amount Stephan was owed. After some procedural oddities in the trial court, and a remand from the Tenth District Court of Appeals, *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 159 Ohio App.3d 644, 2005-Ohio-356, 825 N.E.2d 167, the trial court denied GMC's requested writ.

{¶ 6} On GMC's appeal, the court of appeals initially resolved the threshold question of whether GMC had properly brought the case in mandamus. The appellate court concluded that because GMC did not have an adequate remedy in the ordinary course of law, "mandamus was the proper remedy to test the validity of the commission order in the trial court." *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 10th Dist. No. 06AP–373, 2006-Ohio-6786, 2006 WL 3743076, ¶ 14. The appellate court, therefore, reversed the trial court's judgment and remanded the case with "instructions to issue the requested writ of mandamus ordering the Industrial Commission to set off the full amount paid by [GMC] under the nonoccupational sickness and accident insurance program, including those amounts withheld for the employee's taxes." Id. at ¶ 27.

{¶ 7} The commission and Stephan filed notices of appeal with this court, and we granted discretionary jurisdiction.

## Analysis

{¶ 8} The first question is whether GMC's complaint for a writ of mandamus was the proper avenue through which to seek relief.[1]

{¶ 9} In order to be entitled to a writ of mandamus, GMC must establish a clear legal right to the requested relief, a clear legal duty on the part of the commission to provide the relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. MetroHealth Med. Ctr. v. Sutula*, 110 Ohio St.3d 201, 2006-Ohio-4249, 852 N.E.2d 722, ¶ 8. A mandamus action is thus appropriate where there is a legal basis to compel a public entity to perform its duties under the law.[2] *State ex rel. Levin v. Schremp* (1995), 73 Ohio St.3d 733, 735, 654 N.E.2d 1258. Likewise, a writ of mandamus may lie if the public entity has abused its discretion in carrying out its duties. *State ex rel. Potts v. Comm.*

---

1. Both GMC and the commission agree that the commission's order at issue in this case was not appealable to the trial court under R.C. 4123.512, so our analysis focuses solely on whether an action in mandamus or a declaratory-judgment action constitutes the appropriate avenue for relief.

2. Although a writ of mandamus cannot control the entity's discretion, a writ can compel the entity to exercise its discretion when it has a clear legal duty to do so. See *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 534, 653 N.E.2d 349.

*on Continuing Legal Edn.* (2001), 93 Ohio St.3d 452, 457, 755 N.E.2d 886. In addition, if the public entity has misinterpreted a statute, a writ of mandamus may be an available remedy. *State ex rel. Gassmann v. Indus. Comm.* (1975), 41 Ohio St.2d 64, 65, 70 O.O.2d 157, 322 N.E.2d 660 ("A mandatory writ may issue against the Industrial Commission if the commission has incorrectly interpreted Ohio law"); *Sullivan v. State ex rel. O'Connor* (1932), 125 Ohio St. 387, 392, 181 N.E. 805 (flagrant misinterpretation of statute by a county board of elections is reviewable through an action in mandamus).

{¶ 10} Conversely, when a party files an action for declaratory judgment pursuant to R.C. 2721.02, the party seeks merely a declaration of its "rights, status, and other legal relations whether or not further relief is or could be claimed." Standing alone, a declaratory judgment cannot compel a government official to perform a specific legal duty. *State ex rel. Ohio Civ. Serv. Emps. Assn., AFSCME, Local 11, AFL–CIO v. State Emp. Relations Bd.*, 104 Ohio St.3d 122, 2004-Ohio-6363, 818 N.E.2d 688, ¶ 16, quoting 1 Antieau, The Practice of Extraordinary Remedies (1987) 300, Section 2.06 ("'A declaratory action, which merely announces the existence of a duty to be performed, has generally not been deemed as adequate as the writ of mandamus, which compels performance'"). Thus, a declaratory judgment must be accompanied with injunctive relief in the form of a mandatory injunction in order to successfully compel the government to act. *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 131, 11 OBR 426, 464 N.E.2d 525.

{¶ 11} Because a complaint that seeks to prevent, rather than compel, an action is not proper for mandamus, we must ascertain the substance of GMC's complaint and its aims. *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.* (1989), 42 Ohio St.3d 164, 166, 538 N.E.2d 105. GMC seeks a writ directing the commission to vacate its order and to properly credit GMC for all the sums it has paid for and on behalf of Stephan, in the form of the withheld taxes, in calculating the amount still owed to Stephan. The complaint, therefore, seeks to compel the commission to take an affirmative action.

{¶ 12} On the other hand, the commission urges us to find that GMC should have filed a declaratory-judgment action coupled with a request for a prohibitory injunction. This position reflects a misunderstanding of the distinction between prohibitory and mandatory injunctions. A prohibitory injunction preserves the status quo by enjoining a defendant from performing the challenged acts in the future. *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 50. A mandatory injunction, however, is an extraordinary remedy that compels the defendant to restore a party's rights through an affirmative action. *Gratz v. Lake Erie & W. RR. Co.* (1907), 76 Ohio St. 230, 233, 81 N.E. 239. The distinction between these two categories of

injunctive relief can best be summed up as follows: a prohibitory injunction is used to prevent a future injury, but a mandatory injunction is used to remedy past injuries.

{¶ 13} R.C. 4123.56(A) provides for "[o]ffset of the compensation * * * only upon the prior order of the bureau or industrial commission or agreement of the claimant." Because the commission already has determined that the amount of Stephan's workers' compensation benefits would not be offset by the tax withholdings made by GMC, a declaratory judgment in and of itself is insufficient to provide adequate relief to GMC. Likewise, a prohibitory injunction would be useless, as the harm suffered by GMC is a past injury, rather than future conduct that GMC seeks to enjoin.

{¶ 14} Therefore, the only way a declaratory-judgment action could provide GMC a remedy is if GMC also sought a mandatory injunction that compelled the commission to vacate the order and enter a new order pursuant to R.C. 4123.56 crediting GMC with the tax withholdings. Cf. *State ex rel. Fenske,* 11 Ohio St.3d at 131, 11 OBR 426, 464 N.E.2d 525 ("declaratory judgment would not be a complete remedy, unless coupled with ancillary relief in the nature of mandatory injunction since relator seeks to compel respondents * * * to perform a specific act incumbent upon their offices"). As a result, a mandamus action was proper to challenge the commission's order because the other available alternative would not provide a complete and adequate remedy.

{¶ 15} In addition to holding that GMC's action seeking a writ of mandamus was proper, we agree with the court of appeals that GMC was entitled to the requested writ. The offset statute contains no ambiguity—"compensation paid under this section * * * shall be paid only to the extent by which the payment or payments exceeds the amount of the nonoccupational insurance or program paid or payable." R.C. 4123.56(A).

{¶ 16} Although GMC withheld taxes on Stephan's behalf, the withholdings do not affect the amount GMC paid under its wage-replacement program. The statute simply does not limit the employer's setoff to the net amount the claimant actually receives. Under the plain terms of the statute, therefore, GMC is entitled to a setoff for the entire amount GMC paid, including the tax withholdings.

## Conclusion

{¶ 17} For the foregoing reasons, we hold that the proper avenue of relief for GMC to challenge the commission's order was a complaint for a writ of mandamus. Under these circumstances, the issuance of the writ is proper.

{¶ 18} We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 19} Chester Stephan suffered a work-related injury and was entitled to temporary total disability payments of $9,119.71 in 1998 and 1999. Before the determination that the injury was work-related, General Motors paid $7,091.30 to Stephan through its wage-replacement insurance program, from which it withheld $1,189.32 for taxes. After the determination that the injury was work-related, General Motors paid Stephan $2,028.41, the difference between the $9,119.71 owed for temporary total disability payments and the $7,091.30 "paid" to Stephan through the wage-replacement insurance program.

{¶ 20} A more reasonable employer might have realized that $1,189 is a much higher percentage of $9,119.71 (Stephan's disability income resulting from his 1998 injury) than it is of $161,000,000,000 (General Motors' approximate 1998 revenues). A more reasonable employer might have paid Stephan the amount to which he was entitled and then sought a refund of the taxes paid on Stephan's behalf. (Such a transaction would likely require little more than a couple of phone calls.) Instead, General Motors decided to play hardball with one of its injured employees.

{¶ 21} Today, this court validates General Motors' decision. Instead, we should deny the writ and uphold the reasonable decision of the commission, which concluded that Stephan should receive the entire $9,119.71 to which he was entitled. The majority opinion speaks much of General Motors' lack of an adequate remedy in the ordinary course of law. The majority opinion has it completely backwards—General Motors wasn't injured in any way. General Motors didn't herniate a disc; Stephan did. General Motors isn't out money to which it is entitled; Stephan is. General Motors should ask one of its tax professionals to request an accounting adjustment from the tax agencies with which it has regular routine contact. General Motors should not require its injured workers to take a crash course on tax procedure.

{¶ 22} I do not believe a writ of mandamus is appropriate in this case for one simple reason: General Motors does not lack an adequate remedy, because it can ask for a refund or an accounting adjustment. If the government agencies to which General Motors paid Stephan's withholding taxes do not grant a refund,

then General Motors should seek legal recourse against the recalcitrant government agencies. I dissent.

---

Vorys, Sater, Seymour & Pease, L.L.P., Bradley K. Sinnott, and F. Daniel Balmert, for appellee.

Marc Dann, Attorney General, William P. Marshall, Solicitor General, Elise W. Porter, Deputy Solicitor, and Stephen D. Plymale, Assistant Attorney General, for appellant Industrial Commission of Ohio.

Stephen E. Mindzak Law Offices, L.L.C., and Stephen E. Mindzak, for appellant Chester Stephan.