[Cite as *Martin v. Martin*, 2014-Ohio-70.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ERIC MARTIN, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2013-T-0074 and 2013-T-0075** |
| DENISE M. CARRADINE MARTIN, | : | |
| Defendant-Appellee, | : | |
| ATTORNEY D. KEITH ROLAND, | : | |
| Third Party Defendant-Appellant. | : | |

Civil Appeals from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 09 DR 333.

Judgment: Appeals dismissed.

*Deborah L. Smith*, Smith Law Firm, 109 North Diamond Street, Mercer, PA 16137 (For Plaintiff-Appellee).

*Charles E. Dunlap*, 7330 Market Street, Youngstown, OH 44512 (For Defendant-Appellee).

*William R. Biviano,* Biviano Law Firm, 700 Huntington Bank Tower, 108 Main Avenue, S.W., Warren, OH 44481 (For Third Party Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} This matter comes before the court following remand as to the issue of an alleged attorney-client privilege between Attorney Roland and Denise Carradine Martin. This issue of attorney-client privilege pertaining to documents and the testimony of

Attorney Roland has been the subject of three separate appeals in this court. The three cases are *Martin v. Martin*, 11th Dist. Trumbull No. 2011-T-0034, 2012-Ohio-4889 ("*Martin I*"); 11th Dist. Trumbull No. 2013-T-0074 ("*Martin II*") and 11th Dist. Trumbull No. 2013-T-0075 ("*Martin III*"). *Martin II* and *Martin III* are the subjects of this appeal and have been consolidated.

{¶2} *Martin I* addressed Attorney Roland and Ms. Carradine's assigned error, alleging "[t]he trial court erred in granting the motion to compel Attorney D. Keith Roland to testify." In *Martin I*, we remanded the matter for clarification of the basis of the trial court's decision. The opinion concluded with the following direction: "if the trial court allowed disclosure of the information based on the crime-fraud exception as the above-framed analysis supposes, *then the order is affirmed*." (Emphasis added.) *Id.* at ¶41.

{¶3} Upon remand in *Martin I*, Judge Richard L. James in a January 2, 2013 judgment, entitled "Judgment Entry (Upon Remand from the 11th District Court of Appeals)," in accordance with our opinion and judgment in *Martin I* confirmed that it was the crime-fraud exception that was the basis for his prior ruling. On January 8, 2013, Attorney Roland filed a "request for findings of fact and conclusions of law" with respect to the January 2, 2013 entry. Nearly six months later, on June 19, 2013, Attorney Roland filed a "memorandum in support of request for findings and conclusion of law" and a "request for new trial." In this memorandum Attorney Roland alleged that Judge James' order of January 2, 2013 was void.

{¶4} In a July 9, 2013 judgment, the trial court denied both the request for findings of fact and conclusion of law and the request for what the trial court termed a "new evidentiary trial." In that entry, Judge Sandra Stabile Harwood, who had replaced

2

the original judge on January 1, 2013, also ruled the attorney client privilege did not apply to certain communications between Attorney Roland and Ms. Carradine due to the crime-fraud exception. The trial court noted the following: "Although prepared and signed while Judge James was in office, according to office records, and sent to the Clerk for filing, a delay in filing due to the Holiday of New Year's Eve being a short work day and January 1, 2013, a Holiday, the Entry was not filed until January 2, 2013." The July 9, 2013 judgment entry also indicated that it was issued "in compliance with the direction of the Court of Appeals as instructed."

{¶5} On July 10, 2013, Attorney Roland noticed appeal in *Martin II*, regarding the judgment issued on July 9, 2013, whereby the trial court issued its order denying Attorney Roland's requested findings of fact and conclusions of law and motion for a new trial. In that same order the trial court compelled Attorney Roland to testify at trial on Monday, July 15, 2013. This court issued a July 12, 2013 judgment entry granting, in part, Attorney Roland's July 11, 2013 motion for an ex parte order with respect only to the purported confidential and privileged communications and/or documents between Denise M. Carradine Martin and Attorney Roland. In our judgment entry, we ordered each party to file a brief within seven days in support of their respective positions, including whether the July 9, 2013 judgment was a final and appealable order.

{¶6} The parties filed their respective briefs in this court on July 19, 2013, including Attorney Roland's brief in support of the stay of execution pending appeal. Additionally, plaintiff-appellee, Eric Martin, filed a motion to dismiss the appeal on July 12, 2013, for lack of a final and appealable order, and a memorandum in support of the

3

motion to dismiss the appeal on July 19, 2013. On July 19, 2013, Attorney Roland filed a memorandum in opposition to the motion to dismiss.

{¶7} The notice of appeal in *Martin III* was filed on July 18, 2013, by Attorney Roland. In *Martin III*, Attorney Roland appeals the trial court's judgment entry issued on January 2, 2013—which the trial court issued as a result of our holding in *Martin I*. Attorney Roland contends the January 2, 2013 entry is void because it was not journalized by the clerk until after Judge James' term expired. Subsequently, Attorney Roland filed a motion to consolidate *Martin II* and *Martin III*, arguing that both appeals arise from the same underlying case in the trial court and both involve common questions of law and fact. This court granted the motion to consolidate on November 19, 2013, as to all issues dealing with the enforcement and/or the authority for the trial court to issue orders regarding the purported attorney-client privilege.

{¶8} In *Martin II* Attorney Roland is appealing the trial court's judgment entry of July 9, 2013 denying his request for findings of fact and conclusion of law and new trial related to the January 2, 2013 judgment entry. In *Martin III* Attorney Roland claims that the trial court's judgment entry of January 2, 2013 is void due to the fact that Judge James retired on December 31, 2012. As the crux of the issue in this matter is the alleged attorney-client privilege between Attorney Roland and Denise Carradine Martin, the first issue relevant to both the *Martin II and Martin III* appeals is the issue raised in *Martin III*—whether the January 2, 2013 judgment is void. We hold the January 2, 2013 entry issued by Judge James is not void. It is clear from the record before us that Judge James signed this entry and delivered it to the clerk for filing *prior* to him leaving office.

4

**{¶9}** The Supreme Court of Ohio has held the following: "A document is 'filed' when it is deposited properly for filing with the clerk of courts. The clerk's duty to certify the act of filing arises only after a document has been filed. When a document lacks an endorsement from the clerk of courts indicating that it has been filed, filing may be proved by other means." *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, paragraphs one and two of the syllabus.

**{¶10}** Here, it is evident from the record, and there appears to be no dispute, that prior to the expiration of Judge James' term, he prepared and delivered the entry to the clerk of courts, but it was not "stamped" until January 2, 2013. As in *Rouse*, there is "sufficient evidence that [the document] was deposited with the clerk of courts." *Id.*

**{¶11}** *In Griswold v. Norcarl Products Inc.,*, 8th Dist. Cuyahoga No. 49819, 1986 Ohio App. LEXIS 5233 (Jan. 9, 1986), the judge signed and dated a judgment granting the plaintiff's motion for summary judgment on December 4, but the judgment was not journalized until January 9th, four days after his term expired. On appeal, appellant attempted to argue the judgment was void. *Id.* The court concluded appellant's argument was without merit. "[W]here the evidence justifies and the facts are such as to require the recognition of the pronouncement of a judgment by the court in the interest of justice, the court has the power to make the entry and to require it to reflect the actual fact." *Id.* at *3-4.

**{¶12}** The court further observed:

**{¶13}** "The general proposition that a judgment is not *effective* until its entry is academic but while this truth is recognized, it can not be pronounced with a complete ignorance of the well entrenched principle that justice may require the recognition of the

5

fact that a judgment has been pronounced and therefore be required to be entered." *Id.* at *3.

{¶14} Moreover, the January 2, 2013 order issued by Judge James, upon remand, was a mere clarification of our order. This court, in the final sentence of ¶41 in *Martin I*, provided a conditional statement: "if the trial court allowed disclosure of the information based on the crime-fraud exception as the above-framed analysis supposes, *then the order is affirmed.*" (Emphasis added.) The trial court eventually confirmed the basis for its decision, indicating the crime-fraud exception was the sole basis for its decision to grant the discovery motion. Consequently, the entry clarifying the basis of the original decision merely triggered the self-executing affirmance set forth in the October 22, 2012 opinion. The matter was fully and finally disposed of in *Martin I* and, therefore, Attorney Roland was already afforded a meaningful and effective review of the issues of attorney-client privilege prior to a final judgment on the merits of the case.

{¶15} In *Martin I* this court essentially affirmed Judge James' October 22, 2012 entry finding that the attorney client privilege did not apply, if the basis for his ruling was the crime-fraud exception. This finding was obviously made prior to Judge James leaving office. The trial court reaffirmed Judge James' January 2, 2013 order on July 9, 2013 when it denied plaintiff-appellant's request for findings of fact and conclusions of law and motion for new trial. Resolving the issue of *Martin III*, we hold that the January 2, 2013 entry issued by Judge James is not void.

{¶16} The first issue in *Martin II* concerns Attorney Roland's claim that the entry of July 9, 2013 denying his requested findings of fact and conclusions of law and motion for a new trial is a final and appealable order. It is well founded that appellate courts have jurisdiction to review only final orders or judgments, pursuant to Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2505.02. From this constitutional grant of limited authority, it is axiomatic that if an order is not final and appealable, an appellate court is without jurisdiction to entertain the merits of that order.

{¶17} R. C. 2505.02(B)(4) states:

{¶18} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶19} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶20} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶21} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶22} It is clear that a ruling by the trial court denying a claim of attorney-client privilege can be a final appealable order because it affects a substantial right. *Martin I*, *supra*, ¶22-24. This court, however, has already reviewed the arguments of Attorney Roland and Ms. Carradine on appeal as to whether the trial court erred in granting the motion to compel Attorney Roland to testify. *Id.* The merits of Attorney Roland's and

7

Ms. Carradine's argument have already been reviewed and found to be without merit. *Id.*

**{¶23}** Furthermore, the July 9, 2013 judgment entry issued by the new judge states that she reviewed the record, transcripts and office records and determined that the January 2, 2013 judgment entry was valid, sufficient and in compliance with the directions of this court. The July 9, 2013 judgment entry affirmed that the discovery order was based on the crime-fraud exception. Since that judgment was conditionally approved in the prior appeal (*Martin I*), the issue in *Martin II* has, in effect, already been addressed and decided. In its July 9, 2013 judgment entry the trial court was merely reaffirming our prior order from *Martin I*, and ruling on requests for findings of fact and conclusions of law as well as the motion for new trial on the attorney-client privilege claim, not creating a new right to appeal. Therefore, the trial judge properly denied the request for findings of fact and conclusions of law, and motion for new trial, as there was no justiciable issue tried following remand.

**{¶24}** Additionally, we note Attorney Roland's request for findings of fact and conclusions of law with respect to the January 2, 2013 order was not timely made. It should have been made within the time provided by Civ.R. 52, which provides:

> **{¶25}** **Findings by the court:** When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which

8

case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

**{¶26}** The issues in this case were tried before Judge James prior to the appeal in *Martin I.* There was no request for findings of fact from Judge James' entry of March 22, 2011. The appeal in *Martin I* proceeded and was resolved, with this court holding that Judge James' order was affirmed if the basis for his order was the crime-fraud exception. It is the order of March 22, 2011, as affirmed by this court that decided the privilege issue. It is this order that added Attorney Roland as a third party defendant; upheld plaintiff-appellee's subpoena for records; denied Attorney Roland's motion for protective order; granted plaintiff-appellee's motion to compel testimony and motion for accounting. Attorney Roland was fully aware of these issues and briefed in *Martin I.*

**{¶27}** The final issue raised in *Martin II* is Attorney Roland's Request for New Trial that was included in his memorandum in support of request for findings of fact and conclusions of law on June 19, 2013. In its July 9, 2013 judgment entry, the trial court described this as a request for a "new evidentiary hearing." A review of Attorney Roland's request shows that he was seeking a new evidentiary hearing as to the issue of the alleged attorney-client privilege between himself and Denise Carradine Martin. Attorney Roland essentially claimed that a new evidentiary hearing was required since the underlying judgment (Judge James' January 2, 2013 judgment entry) was void. Having determined that the January 2, 2013 entry issued by Judge James is not void, we find this issue is moot.

9

{¶28} The consolidated appeals are hereby dismissed. All pending motions are hereby overruled as moot. Furthermore, pursuant to this opinion, the temporary stay is hereby dissolved.

TIMOTHY P. CANNON, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

———————————————

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶29} I concur that the appeals pending before this court should be dismissed. I do so, however, solely on the grounds that the issue of whether the discovery is proper under the crime-fraud exception is res judicata, i.e., addressed and decided in the prior appeal. *Martin v. Martin*, 11th Dist. Trumbull No. 2011-T-0034, 2012-Ohio-4889, ¶ 38 ("[T]he evidence adduced at the crime-fraud hearing unequivocally supported a prima facie finding of crime or fraud. The trial court noted that it had reached its decision 'based on the hearing.' Thus, it seems the trial court made its determination upon finding the existence of a crime-fraud exception. The record supports a finding that a prima facie case was made demonstrating probable cause to believe a crime or fraud had been perpetuated, and the communications were in furtherance of such crime or fraud.").

{¶30} That the crime-fraud exception was the basis of the trial court's ruling was confirmed in a judgment entry dated July 9, 2013.

{¶31} There is no need to address the validity of the trial court's January 2, 2013 judgment entry. The issue of its validity is uncertain and irrelevant. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 159 Ohio App.3d 644, 2005-Ohio-356, 825 N.E.2d 167, ¶ 9 (10th Dist.) ("even though the judge properly issued a ruling before leaving the bench, the delay in journalization resulted in the opinion and ruling being void"). Unnecessary speculation on this point of contention only creates the possibility of further delay in the resolution of these already protracted proceedings.