HUFFMAN ET AL., APPELLEES, *v.*
SHAFFER, APPELLANT.

(No. 47121—Decided April 19, 1984.)

*Mr. David J. Murray,* for appellees.
*Ms. Violet J. Tarcai,* for appellant.

PATTON, J.  This appeal arises from a judgment entered by the Cleveland Municipal Court, the Honorable Theodore M. Williams presiding, finding in favor of the appellees herein, Donna Huffman et al., in the sum of $2,303.68 and costs. Appellant, Tom Shaffer, takes exception to this judgment and assigns two errors for this court's review. Finding these errors to be without merit, we accordingly affirm the judgment of the trial court.

Our review of this action is limited to the record on appeal, agreed App. R. 9(C) statement of the facts, and briefs of the respective parties. As adduced from the foregoing, on May 16, 1981, appellees initiated an action in negligence for appellant's allegedly improper operation of his tractor-trailer, which collided with appellee Huffman's auto and thereby caused her damages.

On April 4, 1983, this matter proceeded to trial, with the appellant providing the only "live" testimony received by the court, the depositions of Huffman, Nelson Brothers, the claim agent of Ohio Casualty Company, and responding police officer, Glenn Michael, being read into the record.

Essentially, the testimony of appellee Brothers and Michael established that appellant, while making a right-hand turn onto Washington Street, caused his tractor-trailer to cross the center line of the street and collide with Huffman's vehicle.

Appellant's testimony contradicted the foregoing rendition of facts and instead asserted that appellee struck his tractor-trailer after the appellant had observed the appellee's oncoming vehicle, and had brought his vehicle to a complete stop.

Judgment was rendered in appellees' favor on April 13, 1983. On April 26, 1983, appellant sought a new trial, contending that there existed an eyewitness to the accident in question. Appellant's motion was denied, and this timely appeal ensued.

Appellant raises two assignments of error as follows:

"I.  Whether a retired judge, having been appointed for a certain period of time by the then Chief Justice of the Supreme Court, C. William O'Neill, to serve from January 2, 1976, through March 31, 1976, did render valid judgments beyond the date of his certification.

"II.  Whether the judgment of the court on April 13, 1983, is sustained by the evidence presented at the trial."

In the first raised error, appellant questions the validity of the trial court's ruling, due to the presiding judge's hearing of this action without being properly

certified by the Supreme Court of Ohio. Judge Williams had been appointed by the Supreme Court as an acting Cleveland Municipal Court Judge; however, such appointment expired on March 31, 1976. It is therefore contended that the trial court's judgment is invalid.

Contrary to appellant's assertion, however, the law is well-settled that where " 'the record shows some color of title to appointment as substitute, and he was a *de facto* acting municipal judge, and the judgment, if any, entered by him, is not now open to attack on that ground. *Stiess* v. *State* [1921], 103 Ohio St. 33 * * *.' " *State* v. *Schultz* (July 7, 1983), Cuyahoga App. No. 45511, unreported, quoting from *Demereaux* v. *State* (1930), 35 Ohio App. 418, 422. As Presiding Judge Williams was a *de facto* municipal judge, appellant's first assigned error is without merit.

Raised in the final claimed error is the contention that the judgment of the trial court falls against the weight of the evidence. In addressing this error, we cite appellant to the holding of *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261], syllabus, wherein it was held that:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

In the instant matter, the trial court had before it the depositions of three witnesses who essentially testified to the same events occurring in conjunction with the June 20, 1979 collision between appellant and appellee. The only evidence presented to support the appellant's position was the testimony of the appellant. The weight to be given the evidence and credibility of the witnesses are primarily for the trier of facts, in this instance the trial judge. Upon the foregoing evidence, we find the trial court's judgment to be supported by competent credible evidence, and we accordingly find appellant's second assigned error to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA, P.J., and PRYATEL, J., concur.