claim which would justify summary judgment or a dismissal. The sole assignment of error on the cross-appeal is sustained.

The judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., and KOEHLER, J., concur.

**LEACH, Appellee,**

**v.**

**DIXON, d.b.a. Val Pak, Appellant.**

[Cite as *Leach v. Dixon* (1990), 66 Ohio App.3d 757.]

Court of Appeals of Ohio,
Montgomery County.

Nos. CA 11928, 11581.

Decided June 12, 1990.

*Michael K. Murry,* for appellee.

*John R. Ensley,* for appellant.

———

WOLFF, Presiding Judge.

On April 10, 1989, Milton L. Sprowl, Acting Judge for the Honorable James F. Cannon (of the Dayton Municipal Court), rendered judgment in favor of Vivian Leach and against James S. Dixon, d.b.a. Val Pak, in the amount of $3,987.58 plus costs. On May 4, 1989, Dixon moved to vacate the judgment, pursuant to Civ.R. 60(B), for the reason that Sprowl was not a resident of the city of Dayton and thus lacked the qualifications for acting judge of the Dayton Municipal Court and "had no jurisdiction to hear the * * * case." On May 4, 1989, Dixon also filed his notice of appeal from the April 10 judgment (CA 11581). On May 17, 1989, this court remanded the case to the Dayton Municipal Court for consideration of the Civ.R. 60(B) motion. The Dayton Municipal Court overruled the motion on September 26, 1989, prompting an appeal from that ruling on October 25, 1989 (CA 11928).

Dixon's sole assignment of error is as follows:

"The trial court erred in failing to set aside a judgment rendered by an acting judge who did not meet the qualifications to be a judge in the jurisdiction of the trial court."

The parties stipulated that Sprowl was admitted to the practice of law and had been engaged in the practice of law for the time required for municipal judges by R.C. 1901.06. They also stipulated that he was not an elector or resident of Dayton on the dates that he was appointed acting judge, heard the case, and rendered judgment.

R.C. 1901.06, which prescribes the qualifications for municipal judge, requires that the judge be a qualified elector and resident of the territory of the court to which he is elected or appointed. R.C. 1901.10(A) prescribes the procedure for appointing a substitute judge for a temporarily absent or incapacitated judge of a single judge municipal court, and specifically states that the substitute shall have the qualifications required by R.C. 1901.06. R.C. 1901.12(B), relating to vacation periods, provides in pertinent part:

"When a court consists of a single judge, a qualified substitute may be appointed in accordance with division (A)(2) of section 1901.10 of the Revised Code to serve during the thirty-day vacation period * * *.

" * * *

"If a court consists of two judges, one of the judges shall be in attendance at the court at all times, and the presiding judge shall have the authority to designate the vacation period for each judge, and when necessary, to appoint a substitute for the judge when on vacation or not in attendance. If a court consists of more than two judges, two-thirds of the court shall be in attendance at all times, and the presiding judge shall have authority to designate the vacation period of each judge, and, when necessary, to appoint a substitute for any judge on vacation or not in attendance."

Dixon contends that these sections must be read *in pari materia* to the effect that the substitute judge must have the qualifications required by R.C. 1901.06 for municipal judges.

Leach argues that because R.C. 1901.12(B), as it relates to multi-judge municipal courts, is silent as to qualifications, the qualifications prescribed at R.C. 1901.06 are not necessary where the municipal court consists of two or more judges. We find this argument unpersuasive, as apparently did the municipal judge, who appears to have ignored this argument in overruling the Civ.R. 60(B) motion. As it relates to single judge municipal courts, R.C. 1901.12(B) refers to R.C. 1901.10(A)(2) which in turn refers to R.C. 1901.06. It is more reasonable to read R.C. 1901.12(B) as requiring the same qualifications for substitute judges in multi-judge and in single judge municipal courts, than as requiring no qualifications for substitute judges in multi-judge courts.

■ Having determined that Sprowl lacked a statutory qualification for appointment as acting judge, the question becomes whether the judgment he entered was void.

In *Huffman v. Shaffer* (1984), 13 Ohio App.3d 291, 13 OBR 356, 469 N.E.2d 566, the Court of Appeals for Cuyahoga County addressed a similar situation. A retired judge had been appointed by the Chief Justice of the Supreme Court to a period of service from January 2, 1976 through March 31, 1976. The retired judge rendered judgment April 13, 1983, in a case initiated May 16, 1981, and tried April 4, 1983. On direct appeal, the validity of the judgment was attacked due to the expiration of the retired judge's appointment prior to his hearing the case and rendering judgment. In determining that the judgment was valid, the court of appeals stated:

"Contrary to appellant's assertion, however, the law is well-settled that where ' "the record shows some color of title to appointment as substitute,

and he was a *de facto* acting municipal judge, and the judgment, if any, entered by him, is not now open to attack on that ground. *Stiess v. State* [1921], 103 Ohio St. 33 [132 N.E. 85] * * *." ' *State v. Schultz* (July 7, 1983), Cuyahoga App. No. 45511, unreported [1983 WL 5545], quoting from *Demereaux v. State* (1930), 35 Ohio App. 418, 422 [172 N.E. 551]. As Presiding Judge Williams was a *de facto* municipal judge, appellant's first assigned error is without merit."

In overruling the Civ.R. 60(B) motion, the trial court relied upon *Huffman* to the effect that Sprowl was a *de facto* judge, and that the judgment he rendered was valid. We agree. The record before the trial court, and now before this court, reflects that Sprowl's appointment was in all respects proper except for the fact that he was not a Dayton resident. Although we do not approve of the municipal's court's appointing as acting judge an individual who lacks any of the statutory qualifications for that position, we think the situation here is at least as compelling as that in *Huffman*, and that the lack of a residence in Dayton is, without more, insufficient reason to invalidate the judgment Sprowl rendered.

The assignment is overruled.

The judgment will be affirmed.

*Judgment affirmed.*

WILSON and GRADY, JJ., concur.

GRADY, Judge, concurring.

Whether a judge holds his position *de facto* or *de jure*, his power and authority to adjudicate may not be collaterally attacked as error in the proceeding he had adjudicated. Those matters may be attacked only in an action in which the judge is made a party. *Ex parte Strang* (1871), 21 Ohio St. 610; *Stiess v. State* (1921), 103 Ohio St. 33, 132 N.E. 85. The rule applies whether the collateral attack is by way of error assigned on appeal or by way of a motion for relief from judgement pursuant to Civ.R. 60(B). The judgment of the trial court denying the motion should be affirmed.