{¶ 14} I agree with the majority that this appeal should be vacated, but on grounds that the judge who signed the judgment lacked authority to do so because the term of his appointment expired and thus the judgment was void.
 {¶ 15} In Vergon v. Vergon (1993), 87 Ohio App.3d 639, 642, this court stated, "the term of a common pleas judge is set for a fixed amount of time and, once that time expires, the judge is without authority to act in an official capacity. There is no such thing as holding over. For every purpose, the judge goes out at the expiration of the fixed term. `No power remains in his hands beyond the one term by reason of the authority given.'", citing State ex rel. Belford v. Hueston (1886), 44 Ohio St. 1,9.
 {¶ 16} R.C. 1901.10(A)(2) provides that if a judge of a municipal court that has only one judge is temporarily absent, incapacitated, or otherwise unavailable, the judge may appoint a substitute. The statute states:
 {¶ 17} "The appointee shall serve during the absence, incapacity, or unavailability of the incumbent, shall have the jurisdiction and powers conferred upon the judge of the municipal court, and shall be styled acting judge. During that time ofservice, the acting judge shall sign all process and records and shall perform all acts pertaining to the office, except that of removal and appointment of officers of the court. * * *" (Emphasis added.)
 {¶ 18} The sole judge of the Shaker Heights Municipal Court appointed Daniel Lovinger as an acting judge on May 27, 2003. The journal entry memorializing the appointment stated, "Appointment is hereby made of Daniel L. Lovinger, as and for the Judge of this Court for the period beginning May 27, 2003, and ending on May 27, 2003, pursuant to Section 1901.10 Ohio Revised Code."
 {¶ 19} Although the court appointed Judge Lovinger for just one day, Lovinger presided over the case well-beyond that date, ultimately issuing a guilty finding on August 18, 2003. There is nothing in the record to show that the court renewed the appointment after May 27, 2003, nor did the court's entry appointing Lovinger give him jurisdiction over the case beyond the date of the appointment. Because R.C. 1901.10(A)(2) limits the power of the acting judge to the "time of service," which in this case was for one day only, Lovinger could not validly act beyond that one day time of service without an additional appointment.
 {¶ 20} I am aware that there are a number of cases that hold that a judgment entered by an acting municipal judge is not subject to attack by way of appeal and that a failure to object constitutes a waiver of any irregularity in appointment. SeeState ex rel. Sowell, et al. v. Lovinger (1983),6 Ohio St.3d 21, 23; Stiess v. State (1921), 103 Ohio St. 33, 42-43; Leachv. Dixon (1990), 66 Ohio App.3d 757; Williams v. Banner Buick,Inc. (1989), 60 Ohio App.3d 128, paragraphs four and five of the syllabus; Huffman v. Shaffer (1984), 13 Ohio App.3d 291. However, this is not a case of "procedural irregularity;" it is a case of an acting judge exercising jurisdiction over the matter beyond the specified time of service. As stated in Vergon, once the fixed term of the judge expired (whether by statutory term or by limited appointment), "the judge is without authority to act in an official capacity." Absent a valid reappointment present in the record, I believe we must assume that the acting judge lacked authority to render judgment in this case. Absent authority over the matter, the judgment appealed from is void and should be vacated.
 APPENDIX — ASSIGNMENTS OF ERROR "I. The trial court erred to the prejudice of appellant inoverruling appellant's motion for acquittal pursuant to criminalrule 29 of the ohio rules of criminal procedure."
 "II. The trial court erred to the prejudice of appellant byfailing to afford appellant the right to be heard prior tosentencing in accordance with criminal rule 32(a) of the ohiorules of criminal procedure."
It is ordered that the appellant recover from appellee costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.