JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant-appellant, Lamar Price ("appellant"), appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 3} Appellant was indicted on three counts of aggravated robbery, all arising out of one transaction. Each of the counts contained a firearm specification, together with a criminal-gang specification. Appellant was found guilty of three counts of aggravated robbery with firearm specifications. The jury was unable to agree on the criminal-gang specification and that specification was eventually dismissed.
 {¶ 4} Appellant was sentenced to consecutive terms of imprisonment on the first two counts for a total of five years. In addition, appellant was sentenced to a consecutive ten-year sentence on count three along with the three-year firearm specification, for a total of eighteen years. On August 22, 2008, appellant filed a motion for leave to file a motion for a new trial based on newly discovered evidence or, in the alternative, petition for postconviction relief. The court overruled the motion on August 28, 2008. Appellant now appeals.
 {¶ 5} According to the record, Torre Shanks, Cierra Williams, Deandre Williams, and their young children were walking in the Cedar Estates area on August *Page 4 
2, 2006. They were traveling from their homes to the neighborhood wading pool. On their way, they took the shortest route through the basketball court.
 {¶ 6} Although no one was using the basketball court at the time, several young men were present at the court. Appellant was sitting on a bench near the court. As Torre, Cierra, Deandre, and the children passed appellant, Torre observed him make a call on his cell phone. He spoke softly to the person he contacted, and the call was brief. Torre's group walked a short distance when another young man, later identified as James Mullins, approached them from another direction. Mullins had a gun, pointed it at the group, and ordered the adults to get down on the ground.
 {¶ 7} After they complied, Mullins, appellant, and at least one other young man searched Torre, Cierra, and Deandre. The assailants took Deandre's clothing and appellant removed Deandre's shoes. Mullins then commanded the group to leave. Torre testified that when they reached a place of safety, the police were called. Torre also stated that while they were waiting for the police, Cierra told her that she knew one of the young men, the appellant.
 {¶ 8} Officer Patrick McClain and his partner received a call about the incident at approximately 4:00 p.m. They responded and spoke with the two adult women, both of whom remained shaken as a result of the experience. McClain testified that one of the women provided a name for one of the assailants, "Lamar," so he searched through his patrol car's on-board database for persons with that first name who lived in the area. Appellant's name appeared; McClain thereupon accessed *Page 5 
appellant's photograph. McClain testified that when he displayed appellant's photograph on the computer screen, both women identified him as one of the assailants.
 {¶ 9} A few days after the incident, the detective, who had been assigned to the case, asked Torre to view a photo array. Without hesitation, Torre chose appellant's photograph as one of the persons involved in the robbery. A trial was held, and the lower court ultimately sentenced appellant to eighteen years of incarceration. Appellant later appealed to this court, claiming ineffective assistance of counsel. On July 10, 2008, this court did not find evidence of ineffective assistance of counsel and affirmed the conviction. State v.Price, Cuyahoga App. No. 90308, 2008-Ohio-3454 ("Price I").
 {¶ 10} Later, appellant filed a motion for new trial with an alternative petition for postconviction relief with the trial court. On August 28, 2008, the trial court denied his motion. On September 19, 2008, appellant filed a notice of appeal with this court. Appellant alleges error on the part of the lower court regarding his motion for new trial and alternative petition for postconviction relief.
 II {¶ 11} Appellant's assignment of error provides the following: "Defendant was denied due process of law when the court dismissed, without a hearing, his motion for leave to file a motion for new trial based on newly discovered evidence or his alternative petition for post conviction relief."
 III *Page 6 {¶ 12} Crim. R. 33(A)(6) provides that a new trial may be granted due to new evidence which the defendant could not have discovered with reasonable diligence and produced at trial. A motion for a new trial made pursuant to Crim. R. 33 is addressed to the sound discretion of the trial court. That decision will not be disturbed upon appeal absent a showing that the trial court abused its discretion. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. State v. Rogers (Nov. 16, 2000), Cuyahoga App. No. 77723.
 {¶ 13} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." State v.Mack (Oct. 28, 1999), Cuyahoga App. No. 75086, quoting State v.Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.
 {¶ 14} A trial court's decision denying a request for new trial is reviewed for an abuse of discretion. State v. Filiaggi,86 Ohio St.3d 230, 237, 1999-Ohio-99, 714 N.E.2d 867. In order to constitute an abuse of discretion, the court's attitude must be unreasonable, arbitrary, or unconscionable. Id. The decision to grant a motion for a new trial is an extraordinary measure that should be used only when the *Page 7 
evidence presented weighs heavily in favor of the moving party.State v. King (June 4, 1998), Cuyahoga App. No. 72892.
 {¶ 15} In addition, it is well established that a trial court has broad discretion to determine whether it is necessary to hold an evidentiary hearing on a motion for new trial. Id.
 {¶ 16} The Ohio Supreme Court discussed determining the credibility of supporting affidavits in postconviction relief proceedings in State v.Moore (1994), 99 Ohio App.3d 748, 651 N.E.2d 1319, citing Sumner v.Mata (1981), 449
 {¶ 17} U.S. 539, 545-546, 101 S.Ct. 764, 768-769, 66 L.Ed.2d 722, 730.
 {¶ 18} The Ohio Supreme Court suggested that a trial court, in assessing the credibility of affidavit testimony in so-called paper hearings, should consider all relevant factors. Moore at 754,651 N.E.2d at 1323. Among those factors are: (1) whether the judge reviewing the postconviction relief petition also presided at the trial; (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person; (3) whether the affidavits contain or rely on hearsay; (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts; and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. Id. at 754-756,651 N.E.2d at 1323-1324. *Page 8 
 {¶ 19} Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court. Here, Deandre Williams's affidavit clearly contradicts the evidence proffered by the defense at trial.
 {¶ 20} The affidavit that appellant submitted with his motion was allegedly signed by the victim, Deandre Williams. Deandre was included on the state's witness list. This list was filed on December 14, 2006, in response to appellant's discovery request. Accordingly, appellant was aware of this witness well in advance of his June 2007 trial and certainly before his August 2008 motion for new trial.
 {¶ 21} The record demonstrates that the lower court evaluated the evidence submitted and determined that appellant's motion for new trial did not warrant a hearing and did not call for the granting of postconviction relief. It is clear that the trial court did not abuse its discretion when it did not hold a hearing and denied appellant's motion for new trial.
 {¶ 22} Deandre was included on the state's witness list well before trial. Defense counsel had more than enough time to reexamine events with Deandre. The witness list was filed on December 14, 2006, approximately six months before trial and over a year and a half before appellant's August 2008 motion for new trial. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
 It is ordered that appellee recover of appellant costs herein taxed. *Page 9 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, A.J., and JAMES J. SWEENEY, J., CONCUR. *Page 1