**CITY OF LAKEWOOD,**

v.

**SULEYMANOV.**

2010-Ohio-5963.]

Lakewood Municipal Court,
Cuyahoga County, Ohio

No. 2009 B 1087.

Decided Aug. 31, 2010.

Nora L. Hurley, Lakewood Law Director, Richard Neff, Chief Prosecutor, and Pamela Roessner, Assistant Prosecutor, for plaintiff.

Anna Markovich, for defendant.

---

CARROLL, Judge.

{¶ 1} This case is before the court on the defendant's motion for a new trial. This case arises out of a conviction for trespass. The facts are taken from the trial and record in this case.

{¶ 2} The defendant was charged with trespass for returning to the property at 1510 Newman Avenue, Lakewood, Ohio, after eviction. The case was called for trial on October 14, 2009. Due to an unforeseen family emergency, Thomas Wagner was appointed as acting judge in the absence of the incumbent under-signed judge. The defendant was present in court with counsel. The witnesses were sworn, and testimony and other evidence were presented to the court. Upon review of the evidence presented, the court made a finding of guilt.

{¶ 3} The sole ground for the motion for a new trial is that the trial was conducted by an acting judge who also serves as a magistrate of this court. The record shows that at the time of the appointment of acting judge and the trial, Thomas Wagner was on unpaid leave of absence from the court and was acting solely as the acting judge and was not serving simultaneously in a dual capacity of both acting judge and magistrate.

## Motion for New Trial

{¶ 4} The defendant asserts that because the acting judge in this case is employed as a magistrate by Lakewood Municipal Court, the defendant is entitled to a new trial. A motion for a new trial does not automatically require a hearing. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 83, 564 N.E.2d 54. The decision to conduct a hearing on a motion for a new trial is addressed to the sound discretion of the court. *State v. Price*, Cuyahoga App. No. 92096, 2009-Ohio-480, 2009 WL 279879; *State v. Tomlinson*, (1997), 125 Ohio App.3d 13, 19, 707 N.E.2d 955. Neither party requested a hearing. *N. Randall v. Bacon* (July 16, 1981), 8th Dist. No. 42686, 1981 WL 5013. Because the issue raised by the defendant is a legal rather than a factual issue, an additional hearing is not required.

{¶ 5} A motion for a new trial is governed by Crim.R. 33. Crim.R. 33 sets out six specific grounds for a new trial. The defendant has not identified any specific grounds under Crim.R. 33 in support of his motion for a new trial. Notwithstanding the lack of specificity, the role of the acting judge who heard the case is the basis for the defendant's new-trial motion.

{¶ 6} Reviewing the grounds available under Crim.R. 33, the court finds that the only available grounds would be Crim.R. 33(A)(1), which provides the following as grounds:

Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial.

{¶ 7} In order to prevail on a motion for a new trial pursuant to Crim.R. 33(A)(1), there must be a showing of both (1) an irregularity in the proceedings and (2) a resulting unfair trial. " 'It is clear from the language of Crim.R. 33 that a new trial is not to be granted unless it affirmatively appears from the record that a defendant was prejudiced by one of the grounds stated in the rule, or was thereby prevented from having a fair trial. See Crim.R. 33(E).' " *State v. Samatar*, 152 Ohio App.3d 311, 2003-Ohio-1639, 787 N.E.2d 691, ¶ 35, quoting *Columbus v. Carroll* (Aug. 27, 1996), 10th App. No. 96APC01–90, 1996 WL 492979.

{¶ 8} Here, there is no allegation in the defendant's motion for a new trial that the conduct of the acting judge prevented the defendant from having a fair trial. The defendant did not allege that the acting judge improperly included or excluded evidence during the course of the trial. The defendant has also not alleged that there was insufficient evidence in support of the judgment and has not raised any allegation of impropriety against the acting judge. In light of the complete absence of any allegation by the defendant that the assignment of the acting judge prevented the defendant from having a fair trial or otherwise worked to the prejudice of the defendant, the motion for a new trial is overruled.

### *Appointment of Acting Judge*

{¶ 9} Notwithstanding the lack of assertion by the defendant or support in the record for the assertion that the defendant did not receive a fair trial, the court further finds that the appointment of Magistrate Wagner as an acting judge was not a procedural irregularity. The appointment of an acting judge in a single-court municipal court is governed by R.C. 1901.10. An acting judge may also be appointed by the presiding judge of a municipal court with three or fewer judges for a period of vacation of an incumbent judge. R.C. 1901.12. These statutes authorize the judge of the court to appoint an acting judge when a temporary absence occurs.

{¶ 10} In order to qualify for appointment as an acting judge, the person must meet the same qualifications for office as the elected judge. R.C. 1901.06 and 1910.10. *Xenia v. Boehman* (1996), 114 Ohio App.3d 78, 84, 682 N.E.2d 1029. The defendant does not challenge the qualifications of Thomas Wagner to serve

as acting judge. The appointment of Thomas Wagner as acting judge was properly executed and filed with the Clerk of Court prior to the date of trial in this case. Accordingly, the appointment of the acting judge complied with the requirements of the Ohio Revised Code.

### Magistrate as Acting Judge

{¶ 11} The defendant asserts, however that as a magistrate of the Lakewood Municipal Court, Thomas Wagner was disqualified to serve as acting judge of the court. The defendant's argument is based upon 1990 Opinion No. 90–089 of the Ohio Attorney General. This opinion determined than "an individual may not serve simultaneously as an acting judge and a referee of a municipal court."

{¶ 12} The opinion of the Ohio Attorney General that the position of a municipal court magistrate and acting judge are incompatible is based upon the premise that the person holds the two positions *simultaneously.* See also 2001 Ohio Atty.Gen.Ops. No. 2001–009 and 1996 Ohio Atty.Gen.Ops. No. 1996–86 (specifically qualifying Ohio Atty.Gen.Ops. No. 1990–089 when the positions are held simultaneously). The qualification of serving in the two positions simultaneously is significant because the purpose of the opinion was to determine whether a magistrate could receive the benefit of contribution to the Public Employees Retirement System ("PERS") while serving simultaneously as an acting judge. Moreover, the opinion is expressly based upon the assumption that the magistrate (referee) remains on the payroll while serving as an acting judge. (1990 Ohio Atty.Gen.Ops. No. 1990–089, fn. 2.) [1]

{¶ 13} There is no dispute that a person could not be separately compensated for two simultaneous positions of public office or employment. In the present case, however, Magistrate Wagner took an unpaid leave of absence from his position as a magistrate to serve as an acting judge. Therefore, he did not hold the two positions simultaneously. There was no multiple payment of either salary or contribution to PERS. In this regard, the appointment was consistent with the Attorney General's Opinion.

{¶ 14} The appointment of a court magistrate as an acting judge serves the public purpose and the administration of justice by preserving the continued operation of the court. A magistrate is familiar with both the procedural operation and the court personnel. Municipal court areas of law such as traffic, criminal sentencing, and landlord/tenant are often technical and complicated. A magistrate performs duties similar to those of a judge under Civ.R. 53 and

---

1. In 1995, Civ.R. 53 and Crim.R. 19 were extensively amended to modify both the authority and the title of the judicial officer from "referee" to "magistrate." 73 Ohio St.3d LXXXIV and LXVII.

Crim.R. 19, including issuing subpoenas for the attendance of witnesses and production of evidence, ruling on admissibility of evidence, putting witnesses under oath and examining them, and controlling the proceedings through the use of contempt powers. Consequently, a magistrate is generally not only in a better position to know and properly apply the law in a case, but is also an ideal person to substitute for the judge.

{¶ 15} As a person who regularly works with the judge, a magistrate, as acting judge, acts independently while maintaining consistency with the policies and procedures established by the incumbent judge in the judge's absence. Moreover, by taking a temporary, unpaid leave of absence to serve as acting judge, public funds are preserved, for the court pays the magistrate only as acting judge rather than adding an acting judge.

{¶ 16} Although the court recognizes that Opinions of the Ohio Attorney General of Ohio are persuasive, they are not binding authority. *State ex rel. N. Olmsted Fire Fighters Assn. v. N. Olmsted* (1992), 64 Ohio St.3d 530, 533, 597 N.E.2d 136. Rather, Attorney General Opinions are entitled to only such consideration as the reasons given in the opinion warrant. *State ex rel. Endlich v. Indus. Comm.* (1984), 16 Ohio App.3d 309, 312, 16 OBR 340, 475 N.E.2d 1309. Opinions of the Ohio Attorney General are useful as guidance, but do not have precedential value. *State ex rel. Atkins v. Harrison Cty. Bd. of Cty. Commrs.*, 7th Dist. No. 09–HA–7, 2010-Ohio-3160, 2010 WL 2676469. As a rule, when the Attorney General passes upon the interpretation of a questioned statute, the court considers the opinion and accords it due respect, but the court is in no way obligated to follow the Attorney General's Opinion. *A & B Refuse Disposers, Inc. v. Ravenna Twp. Bd. of Trustees* (Mar. 29, 1991), 11th Dist. No. 90–P–2196, 1991 WL 45644.

{¶ 17} A broader reading of Ohio Atty.Gen.Ops. 1990–089, as urged by the defendant, that an acting judge and magistrate are incompatible as a matter of law, calls into question the validity of this opinion. A review of the subsequent history of Ohio Atty.Gen.Ops. 1990–089 shows that only one court has cited this opinion, which held that the opinion was inapplicable to the case. *State ex rel. Schaengold v. Ohio Pub. Emp. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719. No court has adopted the opinion as a broad proposition urged by the defendant. On the other hand, numerous courts have reviewed without disapproval judgments in the trial court by a magistrate sitting as an acting judge. *Matthews v. D'Amore*, 10th Dist. No. 05AP–1318, 2006-Ohio-5745, 2006 WL 3095817; *Ford Motor Credit v. Foster*, 8th Dist. No. 85623, 2005-Ohio-6091, 2005 WL 3073602; *Taranga Props., Inc. v. Ohio Mtge. Co.* (Sept. 20, 2001), 8th Dist. No. 78979, 2001 WL 1105136; *Hrina v. Segall* (June 6, 2001), 7th App. No. 00CA 87, 2001 WL 641509; *Shaver v. Priore* (Aug. 7, 1997), 8th Dist. No.

71298, 1997 WL 450036; *State v. Schultz* (July 7, 1983), 8th App. No. 45511, 1983 WL 5545.

{¶ 18} As the court noted in *State ex rel. Atty. Gen. v. Gebert* (1909), 12 Ohio C.C. (N.S.) 274, it is not per se impermissible for a person to hold two public offices, as long as the offices are not incompatible. The primary issue is not a designation of whether the two public positions are public offices, but rather, the functions of the two positions, regardless of whether they are public offices or employment. *Rose v. Wellsville* (1993), 63 Ohio Misc.2d 9, 18, 613 N.E.2d 262. As the court noted in *State ex rel. Scioto Cty. Prosecutor v. Murphy*, 4th Dist. No. 02CA2831, 2003-Ohio-4550, 2003 WL 22017242, ¶ 23, "the distinction between public 'office,' 'position,' or 'employment' is irrelevant as to the applicability of the Ohio common-law incompatibility test."

{¶ 19} "Offices are considered incompatible when one is subordinate to, or in any way a check upon, the other; or when it is physically impossible for one person to discharge the duties of both." *Gebert*, 12 Ohio C.C. (N.S.) at 275.

{¶ 20} Although a magistrate is subordinate to an acting judge, because the positions are not being held simultaneously by the same person, the issue of subordination does not arise. Nor is there any possible issue of conflict of interest. A conflict of interest results when the duties of one position may be administered or discharged in such a way as to result in favoritism and preference being accorded to the other position. *State ex. rel. Baden v. Gibbons* (1934), 17 Ohio Law Abs. 341, 344. See also *Rose*, 63 Ohio Misc.2d at 20, 613 N.E.2d 262 (Public offices are incompatible if the person would be subject to divided loyalties and conflicting duties or exposed to the temptation of acting other than in the best interest of the public). As the court asked in *Rose*, will dual positions compromise the person's integrity? 63 Ohio Misc.2d at 20, 613 N.E.2d 262.

{¶ 21} Rather than a conflict of interest, an acting judge and magistrate have a common interest in upholding the integrity of the court by competently and fairly administering justice and responsibly serving the legal needs of the community. The objectivity of the person who hears evidence and decides the case is not compromised regardless of whether the person is an acting judge or magistrate. Both an acting judge and magistrate are bound by Canon 2 of the Ohio Code of Judicial Conduct to perform the duties of judicial office impartially, competently, and diligently.

{¶ 22} The duties of a magistrate, set out in Civ.R. 53 and Crim.R. 19, complement the duties of an acting judge. Therefore, the duties of one position could not be administered or discharged in such a way to create favoritism or a preference. Nor are there either divided loyalties or conflicting duties.

{¶ 23} Although a recommendation by a magistrate is subject to review and approval by a judge, an acting judge could not review his or her own recommendation as a magistrate. This potential issue of conflict of interest could be avoided by the acting judge's deferring review for the incumbent judge. As the court noted in *State ex rel. Scioto Cty. Prosecutor v. Murphy*, 2003-Ohio-4550, 2003 WL 22017242, ¶ 19, where the conflict of interest is unlikely or remote, the possible conflict is insufficient to render the positions incompatible. See also *Rose*, 63 Ohio Misc.2d at 20, 613 N.E.2d 262. (Both decisions relied on standards and conclusions of Ohio Attorney General Opinions finding that a remote or speculative conflict of interest is not sufficient to determine incompatibility of public offices).

{¶ 24} Putting aside the issue of simultaneously serving two positions, one of the bases for a finding of incompatibility in the opinion was that "the position of acting judge of the municipal court is subject to the prohibitions set forth in Ohio Const. Art. IV Sec 6(B) and R.C. 1901.11(D)." Ohio Atty.Gen.Ops. 1990–089 at 9. Section 6(B), Article IV, Ohio Constitution and R.C. 1901.11(D) prohibit a judge from holding any other office of trust or profit. An acting judge, however, is not a judge under the authority of the Ohio Constitution. Rather, the acting judge is an attorney who is appointed and holds office by the authority and operation of the Ohio Revised Code. As the court noted in *State v. Partanen* (1940), 67 Ohio App. 248, 251, 21 O.O. 231, 36 N.E.2d 422, the constitutional provision regarding a municipal judge "obviously pertains to the election of a judge and not to temporary substitution of an acting judge for the duly elected judge."

{¶ 25} An acting judge is a temporary appointment of an attorney for the purpose of providing a substitute for the elected judge, who may be temporarily absent due to health, vacation, mandatory continuing legal education, or other reasons. *State v. Shearer* (Sept. 30, 1994), 11th App. No. 93–P–0052, 1994 WL 587769. The position of an acting judge is essential to the continued operation of a municipal court that comprises three or fewer judges. An acting judge is an attorney in good standing with the Ohio Supreme Court and engaged in the practice of law as a private attorney, law professor, or other legal professional.

{¶ 26} Upon appointment, an acting judge has the same judicial authority as the incumbent judge. An acting judge, however, is not the equivalent of an incumbent judge and is limited to performing only judicial, not administrative, functions and duties of the court. R.C. 1901.10. While an acting judge is required to comply with continuing legal education, the specific requirements are different from the more extensive requirements imposed on a full-time elected judge. See Gov.Bar R. X(E)(1) and Gov.Jud.R. IV(2).

{¶ 27} The Ohio Code of Judicial Conduct separately defines an acting judge and specifically exempts an acting judge from the prohibitions imposed upon an incumbent judge. Unlike an incumbent judge who holds office by the authority of Article IV of the Ohio Constitution, the Ohio Code of Judicial Conduct permits an acting judge to accept appointments to governmental (Rule 3.4) and fiduciary positions (Rule 3.5). An acting judge may also serve as a private arbitrator or mediator (Rule 3.9), engage in the private practice of law (Rule 3.10) and perform other legal activities. The Ohio Code of Judicial Conduct restricts some activities of an acting judge, but the restrictions are terminated, including holding other public office, after the appointment expires. Consequently, the Code of Judicial Conduct specifically creates a distinction between an incumbent and acting judge by the scope of prohibited and permissible legal activities. Contrary to the defendant's assertion, a person appointed an acting judge may hold other public employment when not serving as an acting judge.

{¶ 28} With busy trial schedules and other commitments, it is often difficult for a judge to find a practicing attorney who does not practice in that court and is available and willing to serve as an acting judge. Although another option for a temporary substitute judge is the appointment of a retired judge, there is a dearth of retired municipal court judges available for assignment throughout the state of Ohio. The limited number of available retired municipal judges was recognized by the amendment in 2009 of Sup.R. 17 to permit a retired common pleas or court of appeals judge to be certified for assignment as a visiting municipal court judge. A magistrate, who is familiar with both the specific court and the law, effectively fills the void and continues the seamless operation of the court.

{¶ 29} Unlike an incumbent judge, an acting judge is not involved in the long-term judicial profession, but serves on a temporary, periodic basis to fill a short-term need. At the conclusion of the appointment, the acting judge returns to the practice of law. The practicing attorney cannot practice law while serving as an acting judge. Under the Attorney General's Opinion, however, this would be prohibited. Limitations of activity imposed by the Attorney General's Opinion are not only in conflict with the rules governing the courts in Ohio, but would also effectively preclude any attorney from serving as an acting judge.

{¶ 30} Since Ohio Atty.Gen.Ops. 1990–089 was issued, there have been significant changes in the statutes upon which the opinion is based. The conclusion in Ohio Atty.Gen.Ops. 1990–089 that an acting judge is subject to the same limitations as an elected judge was based on a finding that the acting judge "is paid in the same manner and at the same rate as a municipal judge." R.C. 1901.10 was amended in 1997 to provide that the incumbent judge shall establish the amount of compensation of an acting judge upon a per diem, hourly, or other

■■■■■■■■■■

basis, but the rate of pay shall not exceed the per diem amount received by the incumbent judge. Prior to the trial in this case in 2009, the compensation of an acting judge was again modified by amendment of R.C. 141.04 with the elimination of the state subsidized portion of an acting judge's salary. In addition, a magistrate's authority has been increased since 1990 through the amendments to Civ.R. 53 and Crim.R. 19.

### Failure to Raise Timely Objection to Appointment

■■■■■ {¶ 31} The defendant raised his objection to Magistrate Wagner's sitting by appointment as acting judge for the first time in the motion for a new trial. The defendant had an obligation to raise this issue prior to trial. Any issue that might affect the validity of an acting judge appointment is not jurisdictional in nature. *Demereaux v. State* (1930), 35 Ohio App. 418, 172 N.E. 551. In addition, the appointment of an acting judge is not subject to collateral attack. *State v. Shearer,* 11th App. No. 93-P-0052, 1994 WL 587769. See also *Leach v. Dixon* (1990), 66 Ohio App.3d 757, 586 N.E.2d 180. Failure to timely and properly raise any objection is a waiver of such objection. *Consumer Portfolio Servs. v. Staples,* 6th Dist. No. S-06-031, 2007-Ohio-1531, 2007 WL 949761; *State v. Walter* (Sept. 25, 1992), 6th Dist. No. 92WD011, 1992 WL 238629.

{¶ 32} The defendant attempts to avoid the waiver issue by defense counsel's statement that she was not aware of the appointment of Magistrate Wagner as acting judge until after the trial. The defendant's argument is inconsistent with the record. To begin with, defense counsel submitted only her own statement, but no statement by the defendant himself. Defendant's knowledge of Wagner as a court magistrate, not judge, is clear. As the record shows, Eldar Suleymanov, as a plaintiff, had proceeded to trial before Magistrate Wagner in a civil action in which the defendant sought to recover his security deposit. *Suleymanov v. GF. Property,* case No. 2008 CVI 3100.

{¶ 33} As the magistrate, Wagner heard the evidence Eldar Suleymanov presented and issued a report recommending judgment in favor of Eldar Suleymanov. The report and recommendation were subsequently approved, and judgment was entered by the undersigned judge. Although Eldar Suleymanov was not represented by counsel in that case, he was present at the civil hearing and was aware of Wagner as the magistrate from both the hearing and the report. In addition, the report and recommendation signed by Magistrate Wagner, as well as the judgment entry adopting the recommendation, were provided to the defendant and his attorney prior to trial and were admitted as exhibits into evidence during the trial in this case.

{¶ 34} In addition to the defendant's own knowledge, the record reflects that on October 9, 2009, a week prior to the trial, Wagner, as acting judge, issued an

order on a pretrial motion filed by the defendant. The order was signed with the express notation of "acting judge." Moreover, the journal entry appointing Wagner as acting judge for the trial in this case was issued, executed, and filed with the Clerk of Court prior to the trial on October 14, 2009.

{¶ 35} Nothing was hidden from the defendant or his attorney. Instead, all information regarding the appointment was a matter of public record that was readily available to the defendant or his attorney prior to trial. It is incumbent on counsel to check the docket. *State Farm Auto. Ins. Co. v. Peller* (1989), 63 Ohio App.3d 357, 578 N.E.2d 874; *State v. Aleman,* 8th Dist. No. 91726, 2009-Ohio-217, 2009 WL 147019. Defense counsel offers no explanation as to why she waited until after the trial, instead of prior to trial, to check the docket in this case and the records of the Clerk of Court. The failure to make a timely objection was not due to a lack of disclosure to the defendant.

{¶ 36} The defendant relies on the case of *State v. Herroon* (May 27, 1977), 6th Dist. No. WD–76–27, 1977 WL 198485, in support of his argument that a timely objection to the acting judge appointment was not required. *Herroon* involved an assistant county prosecutor who sat as an acting-judge. The court of appeals reversed the conviction on the grounds that the acting judge's additional capacity as prosecutor deprived the defendant of the right to a neutral and detached judge.

{¶ 37} In his motion for a new trial, the defendant equates an assistant prosecuting attorney with a court magistrate. Each position has separate responsibilities. The assistant prosecuting attorney's duty as an advocate for the state of Ohio in criminal cases is clearly contrary to the neutral role of both a magistrate and acting judge. On the other hand, the role of the magistrate is similar to, if not the same, as that of a judge. Moreover, pursuant to Crim.R. 19, this case could have been referred to Wagner as a magistrate for trial. Thus, Wagner was qualified to preside in this trial as either a magistrate or acting judge.

{¶ 38} Contrary to the defendant's assertion in his motion for a new trial, the issue of being tried before a neutral and detached judge is not an issue in this case, as it was in *Herroon,* 6th Dist. No. WD–76–27, 1977 WL 198485. In addition, as was stated earlier, the defendant has shown no prejudice due to the appointment of Wagner as acting judge. See *Consumer Portfolio Servs.,* 2007-Ohio-1531, 2007 WL 949761, upholding the trial court's decision when the appellant neither demonstrated nor alleged prejudice from the appointment of an acting judge.

{¶ 39} The record in this case reflects that the defendant was afforded a fair trial. The acting judge safeguarded the defendant's rights and made a decision

**106**

based upon the evidence presented at trial. Based upon the foregoing, the motion for a new trial is overruled.

So ordered.